IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHARLES DAVID LACY                                                PLAINTIFF

v.                      Civil No. 2:23-CV-02069-PKH-MEF

SHERIFF HOBE RUNION;
OFFICER FLETCHER; OFFICER KERRY;
and CORPORAL HUEY                                    DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's failure to comply with the Court's order to submit an updated *in forma pauperis* (IFP) application reflecting his "free world" financial status and failure to prosecute this case.

**I.     BACKGROUND**

Plaintiff filed his Complaint on May 23, 2023, generally alleging unconstitutional conditions of confinement, medical indifference, and excessive force at the Sebastian County Detention Center ("SCDC"). (ECF No. 1). On that same day, the Court directed Plaintiff to either pay the filing fee or submit a complete *in forma pauperis* (IFP) application by June 13, 2023, failing which this Court would recommend that this matter be dismissed for failure to prosecute. (ECF No. 2). That Order was returned as undeliverable and then re-sent to Plaintiff's updated address. (ECF No. 4). Because Plaintiff's updated address suggested that Plaintiff was no longer incarcerated, the Court ordered Plaintiff to either pay the filing fee or submit an IFP application

1

reflecting his "free world" financial status by July 7, 2023, failing which this matter would be subject to dismissal. (ECF No. 5). That order was not returned as undeliverable. When Plaintiff failed to file any response by June 13, 2023, or July 7, 2023, this Court ordered Plaintiff to show cause why this matter should not be dismissed for failure to prosecute. (ECF No. 6). The Court imposed a deadline of August 4, 2023, to respond to the order to show cause. *Id.* That deadline has now passed, and Plaintiff has not responded. In fact, the Plaintiff has not communicated with the Court in any way since he provided his updated address on or about June 2, 2023.

## II.     LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . .. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III. ANALYSIS

Plaintiff has failed to comply with three court orders: the Court's orders directing him to either pay the filing fee or submit a complete IFP application (ECF Nos. 2 & 5), and the Court's show cause order (ECF No. 6). Plaintiff has failed to prosecute this case. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), it is recommended that Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and for failure to prosecute this case.

### IV. CONCLUSION

For the reasons discussed above, it is recommended that Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 14th day of August 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE